**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **EDDIE L. NEGRON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-449** |
| **LT. PERKINS, ET AL.** | **SECTION: "F"(1)** |

## ORDER AND REASONS

Plaintiff, Eddie L. Negron, a state prisoner, filed this federal civil rights action against Lieutenant Perkins, Sergeant Elsensohn, Corporal Martinas, Deputy Trosclair, Deputy LeBlanc, Deputy Fayard, Nurse Shann Simmons, and Nurse Mae Mitchell. In this lawsuit, plaintiff claims that defendants used excessive force against him and wrongly restrained him on a false accusation that he was suicidal. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

Defendants have filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56,[2] which plaintiff has opposed.[3] In reviewing a motion for summary judgment, the Court may grant judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial

---

[1] Rec. Doc. 17.

[2] Rec. Doc. 27.

[3] Rec. Doc. 31.

burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted).  The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001).  There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In their motion for summary judgment, defendants argue that plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory in cases covered by § 1997e(a). Porter v. Nussle, 534 U.S. 516, 524 (2002).  The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id. at 532 (emphasis added).

If an inmate files in federal court an *in forma pauperis* complaint containing claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.  See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998); Wiley v. Mangrum, 146 Fed. App'x 757 (5th Cir. 2005); Johnson v. Travis, Civ. Action No. 07-213, 2007 WL 1433896, at *2 (E.D. La. May 14, 2007).

In their motion, defendants contend that plaintiff filed no administrative grievances regarding the claims asserted in this lawsuit.  However, in the complaint, plaintiff alleged that such a grievance was submitted, and he even attached a copy of the purported grievance.

In light of the foregoing, it is clear that a disputed factual issue exists as to whether plaintiff filed an administrative grievance regarding the incidents giving rise to his instant claims.  However, resolution of that factual issue is unnecessary in this case.  Even if such a grievance was submitted but never received, or if it was received and simply ignored, it is undisputed that a first-step response to the grievance was never issued.  In the complaint, plaintiff expressly states that, with respect to his first-step grievance, he "never received answers" and "I haven't received any type of reply."[4] It is further undisputed that when plaintiff failed to receive such a response, he proceeded directly to federal court rather than to the second step of the grievance procedure.  It is that fact which is determinative in this case.

The applicable administrative remedy procedure in this case has three steps.  The first-step grievance goes to the Deputy Warden/Inmate Affairs Director, the second-step appeal goes to the

---

[4] Rec. Doc. 1, p. 3.

Warden, and the third-step appeal goes to the Sheriff. Under the procedure, "[i]f an inmate does not receive a response to a grievance or appeal within the time allowed by the First Respondent, Warden or the Sheriff, an inmate would still be required to follow through to the next step of the grievance process."[5] Further, it is evident that plaintiff was in fact aware of his right to proceed to the second step upon not receiving a first-step response, in that the right is explicitly noted on the grievance form he attached to his federal complaint.[6] Despite that fact, it is undisputed that plaintiff did not proceed to the second or third steps of the grievance procedure. In his complaint, in response to the

---

[5] Rec. Doc. 27, Exhibit B, p. 3.

[6] The grievance form states: "If you do not hear from the 'First Respondent' within 20 days you may file a Request for a Warden's Review within the following 5 days." Rec. Doc. 1, p. 11. The fact that the notice used the word "may" rather than "shall" is of no moment. Even if plaintiff perhaps believed that seeking further review was *optional* and that inmates were not *required* to request such review if their grievances went unanswered, that would not excuse the federal exhaustion requirement. See Valentine v. Newton, No. 9:00-CV-1369LEKGLS, 2002 WL 31309181, at *3 (N.D.N.Y. Aug. 15, 2002) (Sharpe, M.J.) (adopted by Kahn, J., on Sept. 11, 2002). The PLRA requires exhaustion of all "available" administrative remedies. Plaintiff was clearly aware that further administrative review was available, and he knowingly chose not to pursue it prior to filing this federal complaint.
   Further, the Court is aware that the United States Fifth Circuit Court of Appeals has held that "available administrative remedies are exhausted when the time limits for the prison's response set forth in the prison Grievance Procedures have expired." Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998); see also Gates v. Cook, 376 F.3d 323, 332 (5th Cir. 2004). However, those cases, as well as the other cases the undersigned has found in this federal Circuit which invoke the rule that the failure to answer a grievance constitutes a constructive denial of the grievance, involve the failure of prison authorities to issue a timely response at the *final* step of the grievance procedure. Such a rule makes sense in that context, where federal court is the only remaining remedy available to a prisoner faced with a constructive denial at the final step of the administrative procedure. However, where, as here, a timely response is not forthcoming at a *preliminary* step of the procedure, the constructive denial allows the prisoner to proceed only to the next step of the administrative procedure, not directly to federal court. Walker v. Seal, Civ. Action No. 06-1300, 2007 WL 1169364, at *2 n.9 (E.D. La. Apr. 19, 2007); Ratliff v. Jackson, No. CIVA3:05CV340WHB-AGN, 2005 WL 2035505, at *2 (S.D. Miss. Aug. 23, 2005).

question of whether he had "exhausted or completed all steps in the [prison grievance] procedure, including appeals," plaintiff expressly answered, "no."[7]

The United States Fifth Circuit Court of Appeals has noted: "'Exhaust' is defined as 'to take complete advantage of (legal remedies).'" Underwood v. Wilson, 151 F.3d 292, 294 (5th Cir. 1998) (quoting Webster's New Int'l Dictionary 796 (3rd ed. 1981)).  Therefore, the general rule is that a plaintiff's administrative remedies are not exhausted unless he has pursued the grievance remedy through conclusion of a multi-step administrative remedy procedure. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). Simply initiating the procedure by filing a first-step grievance, without proceeding to the second and third steps as required, is insufficient. Johns v. Edwards, Civ. Action No. 06-3767, 2007 WL 1958962, at *4 (E.D. La. June 28, 2007).

In light of that fact that plaintiff abandoned his grievance prior to completion of the applicable administrative remedy procedure, it would violate the intent of the law to allow him to proceed directly to federal court on his claims. The United States Supreme Court has noted:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections

---

[7] Rec. Doc. 1, p. 3. In his opposition to the motion for summary judgment, plaintiff alleges that grievances and appeals often go unanswered at all steps, and he attached a copy of a grievance and appeal regarding an incident in May of 2007. However, that incident occurred long after this lawsuit was filed, and the incident and related grievance are irrelevant to the claims asserted in this civil action.

Further, the fact that the applicable grievance procedure may be less than ideal is irrelevant. There is no requirement that prison grievance procedures be "plain, speedy, and effective," and a prisoner must comply with the procedures even if he believes that doing so is ultimately an act of futility. Booth v. Churner, 532 U.S. 731, 739 & 741 n.6 (2001); see also Porter v. Nussle, 534 U.S. 516, 524 (2002). The United States Fifth Circuit Court of Appeals has noted that "[q]uibbles about ... the sufficiency or breadth of prison grievance procedures were laid to rest in Booth." Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

5

officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (citations omitted).

Accordingly, **IT IS ORDERED** that defendants' motion for summary judgment is **GRANTED** and that plaintiff's claims are dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, based on his failure to exhaust his administrative remedies.[8]

New Orleans, Louisiana, this twenty-fourth day of October, 2007.



                              **SALLY SHUSHAN**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[8] In light of the fact that the Court agrees that this lawsuit must be dismissed based on plaintiff's failure to exhaust his administrative remedies, the Court need not address the alternative grounds for dismissal asserted by defendants in their motion.